IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DARREN RAY STIBBENS,** § | | |
| **TDCJ # 00688466** § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:12-CV-005-O-BL | |
| § | | |
| § | | |
| **RICK THALER,** § | | |
| **Director of TDCJ** § | | |
| § | | |
| Respondent. § | Referred to U.S. Magistrate Judge | |

## REPORT AND RECOMMENDATION

Before the Court is inmate Darren Ray Stibbens's petition for habeas corpus relief under 28 U.S.C. § 2254, filed January 17, 2012. (Doc. 3, 9). Petitioner seeks to challenge the validity of prison disciplinary action No. 20110149646, which was taken against him during his confinement at the Texas Department of Criminal Justice's (TDCJ) Allred Unit in Iowa Park, Texas. (Doc. 3, p. 5); (Doc. 9, p. 5). On April 13, 2012, the United States District Judge severed claims potentially cognizable under 42 U.S.C. § 1983. (Doc. 11). Thus, the following are the only remaining grounds for habeas relief, as alleged by Petitioner: (1) a prison official lied; (2) Petitioner's name was falsified in a story created by prison officials; (3) a false record was unlawfully created to keep others afraid of him; and (4) Petitioner was denied the right to prove his innocence at the disciplinary hearing. (Doc. 3, 9, 11).

On January 13, 2015, this Court ordered Petitioner to show cause as to why his petition should not be dismissed for failure to exhaust administrative remedies. (Doc. 16). Petitioner was given until February 03, 2015, to make appropriate filings proving exhaustion. (Doc. 16).

The petition for habeas relief lacks proof that Petitioner fully and properly exhausted his claims through the prison grievance process. (*See* Doc. 3, 9). Petitioner admitted to having a Step 2 grievance pending at the time of the federal filing. (Doc. 3, 9). No subsequent filings documenting the Step 1 and 2 grievances and the corresponding TDCJ responses appear on the record, and Petitioner failed to comply with the Court's Order, (Doc. 16), to prove exhaustion.

Courts may *sua sponte* address an exhaustion issue in a habeas proceeding. *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("there is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies") (emphasis added). However, prior to dismissal, an inmate should be afforded an opportunity to address the exhaustion issue. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Magouirk*, 144 F.3d at 357-59.

Because Petitioner was afforded an opportunity to address the exhaustion issue but failed to do so, it is the recommendation of this Court that Petitioner's 28 U.S.C. § 2254 petition, (Doc. 3, 9), be **DISMISSED** for failure to exhaust.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within **14 days** after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 11th day of February, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**